

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

District of Columbia

**FILED**

JUL 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 21, 2006

Nathan I. Silver, Esq.
P.O. Box 5757
Bethesda, Maryland 20824

Re: <u>United States v. Hendarmin Mansoer</u>, Criminal No. 06-123 (HHK)

Dear Mr. Silver:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Hendarmin Mansoer (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below and return it to me no later than July 7, 2006; the plea offer will not remain open past that date. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to plead guilty to One Count of False Making of Visas, Permits and Other Entry Documents and Aiding and Abetting in violation of 18 U.S.C. §§ 1546 (a) and 2, as set forth in the attached Criminal Information which will be filed in the United States District Court for the District of Columbia.

2. **Potential penalties, assessments, and restitution**. Your client understands that the charge to which he is pleading guilty carries the potential penalties of not more than 10 years of imprisonment, a $250,000 fine, and 3 years of supervised release, pursuant to 18 U.S.C. §§ 3571(b)(3), and 3583. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court before the date of sentencing. 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines (U.S.S.G.).

_____ HM
_____ NIS

3. **Dismissal of Remaining charges**. If the defendant fulfills all obligations under this plea agreement, the government agrees that at the time of sentencing it will dismiss the Two Count Indictment pending against him. The sentencing range set forth in Paragraph 6 accounts for the conduct charged in the Two Count Indictment.

4. **Release/Detention Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, he be detained without bond pending sentencing.

5. **Waiver of Constitutional and Statutory rights**. Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, he would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

6. **Sentencing**. Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines would be a reasonable sentence for him in this case. Specifically, the parties agree that the following Guidelines calculations apply in this case:

The parties agree that the 2005 Sentencing Guidelines apply to Count One and the Guideline applicable to the offense to which your client is pleading guilty is § 2L2.1. Under the 2005 Guidelines, the base offense level is 11. This is increased by the following: 6 levels because the offense involved 63 documents, pursuant to § 2L1.2(b)(2)(B); 2 levels because your client's position of trust at the Embassy of the Republic of Brunei Darussalam, Embassy of the Republic of Benin, and the Embassy of the Republic of Jordan, allowed him access to steal the items used to commit the fraud, pursuant to § 3B1.3.

The parties also agree that, other than a 3-level reduction pursuant to §3E1.1 (b), as outlined below, no other enhancements or reductions in the Guidelines calculation are

HM
NIS

2

applicable to your client, and none will be sought by either party. In addition, your client agrees that he will not seek any downward departure from the applicable sentencing range.

If your client continues to clearly demonstrate his acceptance of responsibility for his criminal conduct, commits no other criminal acts, and otherwise complies with the terms and conditions of this agreement, then the United States will not oppose a 2-level reduction of the defendant's offense level pursuant to §3E1.1(a) (Acceptance of Responsibility), and will, in addition, file a motion with the Court for an additional 1-level reduction pursuant to §3E1.1(b), because of his intention to enter an early plea, which will decrease your client's final adjusted offense level to **16**. If those conditions are satisfied, then the United States and the defendant agree not to seek a sentence outside the Guideline range applicable to defendant based upon Offense Level 16 and Criminal History Category I. Your client agrees that a sentence at the top end of the guideline range is reasonable and appropriate.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but which is not bound by those Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

HM/NIS

7. **Deportation**. Your client acknowledges that he is removable from the United States and agrees not to contest any removal proceedings brought against him by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

The defendant agrees to waive the defendant's rights to any and all forms of relief from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief: (a) voluntary departure; (b) asylum; © cancellation of removal; (d) withholding or suspension of deportation; and (e) adjustment of status. In addition, the defendant agrees to waive the defendant's rights to relief from removal under Article 3 of the Convention Against Torture.

The defendant understands that any application for relief from removal, deportation, or exclusion the defendant filed prior to the completion of this plea agreement shall be deemed abandoned. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of an pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the DHS, shall breach this plea agreement.

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

8. **Interpreter Services.** Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is

_____ HM
_____ NIS

unnecessary for the plea document to be re-written into your client's native language.

9. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

The government and your client agree, in accordance with U.S.S.G. §1B1.8, that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

10. **Breach of agreement**. Your client understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, then he will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by him and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 11.

Your client acknowledges discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence (FRE) 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or his guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, he agrees

_____ HM
_____ NIS

5

that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, make false statements or declarations, or obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by him after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **Prosecution by Other Agencies/Jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; United States Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. **No Other Agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

_____ HM
_____ NIS

If your client agrees to the conditions set forth in this letter, both your client and you should initial each page and sign the original in the spaces provided and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

Sincerely,

*Kenneth L. Wainstein/NS/sn*
KENNETH L. WAINSTEIN
United States Attorney

*Brenda J. Johnson*
Brenda J. Johnson
Assistant United States Attorney

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty to the offense of Visa Fraud because I am guilty.

07/19/2006
Date

Hendarmin Mansoer
Defendant

### Defense Counsel's Acknowledgment

I am Hendarmin Mansoer's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

7/19/06
Date

Nathan I. Silver
Counsel for Mr. Mansoer

7

___ HM
___ NIS