IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, :
:
v. : CRIMINAL NO. 06-123 (HHK)
:
HENDARMIN MANSOER, :
:
Defendant. :

## STIPULATED STATEMENT OF FACTS IN SUPPORT OF GUILTY PLEA

The defendant Hendarmin Mansoer and the United States agree that the following facts are true and correct, and that if this matter were to proceed to trial the United States would prove these facts beyond a reasonable doubt:

1. The United States Department of State ("State Department"), which is an agency of the United States located in the District of Columbia, is authorized by law to review documents and applications by foreign nationals or "aliens" in support of applications for United States visas, and issue visas to qualified applicants permitting lawful entry in the United States.

2. Foreign diplomats in the United States are allowed to sponsor other foreign nationals as personal assistants or domestic workers. Foreign diplomats hold either A-1 or A-2 visas. Personal assistants and domestic workers of foreign diplomats hold A-3 visas. Pursuant to State Department policy, such personal assistants and/or domestic workers are required to provide verification that the foreign worker will be actually employed by the Foreign Diplomat in order to obtain a visa for entry into the United States.

3. Pursuant to State Department and United States Department of Homeland Security (DHS) requirements, the applicant for an A-3 visa must demonstrate to the satisfaction of the State Department that the applicant is employed by the holder of an A-1 or A-2 visa. A

personal assistant or domestic worker for a foreign diplomat is required to list the diplomat as an employer on the visa application. The foreign worker may be required to reside in the same residence as the sponsoring diplomat. The foreign worker has no legal right to remain in the United States if the employment is terminated by either the worker or the foreign diplomat.

4. Applications for A-3 visas are made via Form DS-156, and additional documentation typically has to be submitted in support of the applications. A-3 visa applicants must appear personally at the United States Embassy or Consulate in order to present their applications and meet with consular officers who review the applications and either grant or deny the visa. The information provided by the applicant in the DS-156 form and supporting documentation must be true and accurate; it is relied upon by the consular officer in determining whether the applicant is eligible to receive a visa

5. Defendant Hendarmin Mansoer is a citizen of Indonesia and is currently residing in the State of Maryland. He had held an A-2 visa and was employed as a driver of diplomatic personnel at the Embassy of the Republic of Brunei Darussalam from September 1999, to October 28, 2004; he was later employed at the Embassy of the Republic of Benin from November 1, 2004, to June 1, 2005; he was then subsequently employed at the Embassy of the Republic of Jordan from June 20, 2005, to May 12, 2006. The defendant was well aware of the rules and regulations governing an applicant's eligibility to receive a visa.

6. Beginning at least in June 2001, to May 2006, the defendant Hendarmin Mansoer stole official Embassy letterhead and stamps containing official seals from the Embassy of the Republic of Brunei Darussalam, the Embassy of the Republic of Benin and the Embassy of the Republic of Jordan. Using the stolen materials, the defendant produced sixty-three fraudulent

diplomatic personal services contracts for the employment of forty-four foreign nationals.

7. Hendarmin Mansoer also stole the passports of embassy employees (including Ambassadors) and made xerox copies of the stolen passports and accompanying visas to aid in his efforts to fraudulently sponsor applicants.

8. Each contract was attested to by a fraudulent letter of support, which were produced using official letterhead stolen from the embassies. The letters were addressed to the visa officer at the United States Embassy and stated that the A-1 or A-2 visa sponsor intended to bring the A-3 applicant to the United States as a housekeeper. The letters stated that the sponsor was employed and had a certain salary and allowance. The letters also asked for assistance in facilitating the application and contained the forged signature of a diplomat and the misappropriated seal stamp of the particular embassy. The letters also contained the forged signature of a person in Administration and Finance at the embassies.

9. Hendarmin Mansoer facilitated a total of 63 fraudulent A-3 visa applications. The fraudulent employment contracts and applications attempted to sponsor forty-three Indonesian nationals and one Pakistani national. Nineteen visas were issued, resulting in the illegal entry of 19 foreign nationals into the United States. The foreign nationals were never employed by a diplomat, as they were never intended to be employed by a diplomat. The other 44 visa applications were refused based upon the applicants' responses to questions by a consular officer.

10. The following chart is a breakdown of the total number of applications facilitated by the defendant, the number of identities misappropriated, and the number of A-3 visas which were ultimately issued or refused:

3

| Embassy: | Brunei | Benin | Jordan |
|---|---|---|---|
| Embassy Employee Identities Misappropriated: | 5 | 5 | 5 |
| Ambassador Identities Misappropriated: | 0 | 1 | 1 |
| Applicants per Embassy: | 28 | 9 | 7 |
| Applications per Embassy: | 37 | 15 | 11 |
| Number of Issued Visas: | 15 | 2 | 2 |
| Number of Refused Visas: | 22 | 13 | 9 |
| Visas Issued through the use of Defendant's Identity: | 7 | 0 | 0 |
| Visas Issued through the use of Stolen or Misappropriated Identity Documents: | 8 | 2 | 2 |

11. In each case, the defendant knew that the applicant was not eligible to receive a visa, and that the visa application contained false statements or omitted information that would have made it evident that the applicant was not qualified to receive a visa.

12. The defendant charged various amounts in the range of $3000 to $5000 for fraudulent documents. The total amount of cash payments that the defendant Hendarmin Mansoer directly received was at least $60,000. The defendant forged documents for three family members and did not receive payment.

13. At all times, with respect to the conduct described in this Stipulated Statement of Facts, the defendant Hendarmin Mansoer acted knowingly, unlawfully, purposefully, and with

the specific intent to violate the law, and not by accident, inadvertence, mistake, or other innocent reason.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar 451058

By: *Brenda J. Johnson*

Brenda J. Johnson
Assistant United States Attorney
D.C. Bar # 370737
202/353-4154
Brenda.Johnson@usdoj.gov
National Security Section
United States Attorney's Office
555 4th Street, N.W. – 11th Floor
Washington, D.C.  20530

After consulting with my attorney, Nathan I. Silver, and pursuant to the plea agreement entered into between me, Hendarmin Mansoer, and the United States, I hereby stipulate and agree that the foregoing Stipulated Statement of Facts is true and accurate, and that had this matter proceeded to trial, the United States would have proved beyond a reasonable doubt the facts stated in the Stipulated Statement of Facts.

07/19/2006
Date

Hendarmin Mansoer, Defendant

I am Hendarmin Mansoer's attorney. I have carefully reviewed the foregoing Stipulated Statement of Facts with him. To my knowledge, his decision to stipulate and agree to these facts is an informed and voluntary one.

7/19/06
Date

Nathan I. Silver, Esquire
Counsel for the Defendant

5